IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DONALD BOATWRIGHT,** : | |
| : | |
| **Plaintiff** : | |
| : | |
| v. : | CIVIL NO. 5:11-cv-417-MTT-CHW |
| : | |
| **MACON STATE PRISON,** : | |
| : | |
| **Defendants** : | |

### ORDER

Plaintiff Donald Boatwright, a prisoner at the Macon State Prison in Oglethorpe, Georgia, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. In an Order dated October 31, 2011 [Doc. 5], this Court granted Plaintiff's Motion to Proceed *in forma pauperis* but also ordered Plaintiff to supplement his Complaint. Plaintiff's original Complaint fails to make sufficient allegations to state a § 1983 claim or to otherwise request relief which may be provided by this Court. As of this date, Plaintiff has not yet filed his supplement, and the time for filing the supplement expired on November 28, 2011. The present Complaint is accordingly **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

### STANDARD OF REVIEW

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. *Brown v.*

*Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A district court must, nonetheless, dismiss a prisoner complaint after the initial review if it finds that the complaint (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); *see also* 28 U.S.C. §1915(2)(B) (requiring the same of prisoners proceeding *in forma pauperis*).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In other words, the complaint must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003); 28 U.S.C. § 1915A(b).

**DISCUSSION**

In this case, the Complaint alleges that two individuals entered Plaintiff's room with knives and the intent to take his property. Plaintiff, however, does not identify any individual he believes should be held responsible for this event, describe how their actions (or non-action) violated his constitutional rights, or claim to have suffered any physical injury. The Complaint thus fails to state a claim against any defendant. Indeed, the only named Defendant in the caption of the Complaint is "Macon State Prison," and a state prison is not an entity that may be sued under § 1983. *See Brinson v. Coastal State Prison*, 2009 WL 890574 at *2 (S.D. Ga. Apr.1, 2009) (finding that prison has no independent legal existence and is not suable under § 1983); *Prescott v. Georgia Dept. of Corrections*, 2006 WL 2221855 at *2 (M.D. Ga. Aug. 2, 2006) (finding that Wilcox State Prison may not be sued under §1983).

Plaintiff's requested relief is also not a remedy this Court can provide. In his Complaint, Plaintiff only asks that the Court transfer him to a new camp. Prisoners, however, have no constitutional right to remain in, or be transferred to, a particular institution. *Meachum v. Fano*, 427 U.S. 215, 224-25, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976)). Plaintiff thus has no legal right to a court order directing his transfer. He has also failed to allege that he is in imminent danger of serious bodily harm so as to otherwise warrant this type of extraordinary injunctive relief. *See Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1128 (11th Cir. 2005), *cert. denied*, 547 U.S. 1192, 126 S.Ct. 2862, 165 L.Ed.2d 895 (2006).

Even if Plaintiff had sought to recover monetary damages in this case, the Complaint also fails to allege that he suffered any physical injury. The Prison Litigation

Reform Act ("PLRA") provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997(e). A prisoner, therefore, may not proceed in a civil rights action for compensatory or punitive unless he alleges some physical injury. *See id.*

## CONCLUSION

Thus, even when liberally construed in favor of Plaintiff, the present Complaint fails to state a claim. Plaintiff's Complaint is thus **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The dismissal of Plaintiff's Complaint does not relieve him of the obligation to pay his $ 350.00 filing fee. Though the initial filing fee was waived, Plaintiff is still obligated to eventually pay the full filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding months toward the full filing fee. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), the agency having custody of Plaintiff shall forward said payments from Plaintiff's account to the Clerk of Court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

It is further **ORDERED** and **DIRECTED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee. In the event Plaintiff is released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay

any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the PLRA.

Collection from the Plaintiff of any balance due on the filing fee (by any means permitted by law) is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.

**SO ORDERED**, this 28th day of December, 2011.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jlr